UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



OSCAR IVAN LOPEZ CONTRERAS, §
§
Petitioner, §
§
v. § NO. SA-25-CV-01776-OLG
§
PAMELA JO BONDI, United States §
Attorney General, *et al.*, §
§
Respondents. §

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Oscar Ivan Lopez Contreras's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 6), and Petitioner has replied (Dkt. No. 8). After careful consideration, the Court finds that the Petition must be denied for the reasons set forth below.

### I. BACKGROUND

Based on the record, Petitioner is a citizen of Mexico who entered the United States without inspection in 2007. (Dkt. No. 1-1 at 3; *see* Dkt. No. 6 at 1.) Eighteen years later, on November 3, 2025, Border Patrol encountered Petitioner during a vehicle stop and contacted ICE. (Dkt. No. 1 ¶¶ 14, 53; *see* Dkt. No. 1-1 at 3.) Petitioner was issued a Notice to Appear—which charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled" (Dkt. No. 1-1 at 3)—and is presently being detained pending the conclusion of his removal proceedings.

He initiated this action on December 17, 2025, seeking an order compelling his release or requiring that he be given a bond hearing, on the grounds that he may not be mandatorily detained

consistent with the Immigration and Nationality Act (INA) and his right to procedural due process.[1] (*See* Dkt. No. 1 ¶¶ 38–60; *id.* at 19.)

## II.   JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

Because the Court has already addressed the jurisdiction-stripping provisions cited by Respondents (*see* Dkt. No. 6 at 5–6 (citing 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4)), it proceeds directly to the merits of the Petition. *See Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025).

## III.   DISCUSSION

Petitioner challenges his detention under the INA and his right to due process. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Villanueva*, 801 F. Supp. 3d at 697 (quoting 28 U.S.C. § 2243).

---

[1] Petitioner also purports to assert three claims under the Administrative Procedure Act (*see* Dkt. No. 1 ¶¶ 61–78), but because he did not pay the filing fee for non-habeas claims, his APA claims are not properly before the Court. *See Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief."). These claims will accordingly be dismissed without prejudice.

A.      **The INA**

Petitioner's statutory basis for relief turns on whether all noncitizens who are "applicants for admission" by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b), or discretionary detention under § 1226(a). (Dkt. No. 1 ¶¶ 38–46; Dkt. No. 8 at 1–2); *see* 8 U.S.C. §§ 1225(b)(2)(A) (providing that "the alien shall be detained"), 1226(a) (providing that "an alien may be arrested and detained").

Respondents' position—as the Board of Immigration Appeals abruptly held last year—is that all applications for admission, like Petitioner, must be detained under § 1225(b)(2)(A). (*See* Dkt. No. 6 at 2–3); *see also Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). Unfortunately for Petitioner, a divided panel of the Fifth Circuit has agreed. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ---, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (rejecting the longstanding application of § 1226(a) to the detention of aliens, like Petitioner, who are applicants for admission by virtue of their presence in the United States without having been admitted or paroled). As the law stands, "unadmitted aliens apprehended *anywhere* in the United States are *ineligible for release* on bond, *regardless of how long they have resided in the United States*." *Id.* at *3 (emphasis added).

Petitioner is subject to mandatory detention under § 1225(b) and, thus, ineligible for release on bond. Accordingly, he cannot establish that he is entitled to relief under the INA.

B.      **Due Process**

Petitioner next challenges his detention on constitutional grounds. "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 521 (2003) (quoting *Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976)). The Supreme Court "has long held that an alien seeking initial

3

admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative," *Landon v. Plasencia*, 459 U.S. 21, 32 (1982), and "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process," *Demore*, 538 U.S. at 523. Indeed, the Supreme Court has twice condoned the use of mandatory detention measures as a legitimate exercise of the federal government's broad power over immigration. *See Jennings v. Rodriguez*, 583 U.S. 281, 305–06 (2018); *Demore*, 538 U.S. at 526–28. So too has the Fifth Circuit, *see Wekesa v. U.S. Att'y*, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022), and at least one of its sister circuits, *see Banyee v. Garland*, 115 F.4th 928, 930, 933 (8th Cir. 2024).

Against this backdrop, Petitioner argues that his detention without a bond hearing violates his right to procedural due process on the grounds that (1) the INA entitles him to one and (2) retroactive application of the BIA's new interpretation of the detention provision in *Yajure Hurtado* is impermissible. (Dkt. No. 1 ¶¶ 44–60.)[2] The Court cannot agree.

First, his position that the INA entitles him to a bond hearing has been unequivocally foreclosed by the Fifth Circuit. *Buenrostro-Mendez*, 2026 WL 323330, at *3 ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided in the United States"). Next, there is no retroactive application of *Yajure Hurtado* to Petitioner in this case. The BIA's decision was issued in July of 2025, and Petitioner was encountered by immigration officers and detained for the first time months afterward, in November of 2025. Accordingly, Petitioner has not shown that he is entitled to a bond hearing as a matter of procedural due process.

---

[2] Petitioner has not raised, and thus the Court does not address, a procedural-due-process challenge under the *Mathews v. Eldridge* framework. *See* 424 U.S. 319, 334–35 (1981).

## IV.  CONCLUSION

Based on the foregoing, Petitioner Oscar Ivan Lopez Contreras's Petition for a Writ of Habeas Corpus (Dkt. No. 1) must be and hereby is **DENIED,** and the non-habeas claims asserted therein are **DISMISSED WITHOUT PREJUDICE.**

Any pending motions are **DISMISSED AS MOOT.**

This case is **CLOSED.**

It is so **ORDERED.**

**SIGNED** on February 20, 2026.

_____
ORLANDO L. GARCIA
United States District Judge